UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOAN ELAINE BAXTER,

                              Plaintiff,       **MEMORANDUM OF DECISION
                                                             AND ORDER**
                                                              04-CV-2217 (DRH) (ETB)

         - against -

UNITED STATES POSTAL SERVICE,

                              Defendant.
----------------------------------------------------------X
**A P P E A R A N C E S :**

**Joan Elaine Baxter, Pro Se**
P.O. Box 321
10 Eighth Avenue
East Rockaway, New York 11518

**For the Defendant:**
**Roslynn R. Mauskopf**
**United States Attorney**
**Eastern District of New York**
610 Federal Plaza, 5th Floor
Central Islip, New York 11722
By: Robert B. Kambic, AUSA


**HURLEY, District Judge:**

        Presently before the Court is the motion by defendant United States Postal Service ("Defendant") to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, Defendant's motion is granted and the Complaint is dismissed.

## *BACKGROUND*

        Plaintiff Joan Elaine Baxter ("Plaintiff") alleges that after being rejected by her bank for a credit card, she was provided with a copy of her credit report. (Compl. ¶ 4.) Upon

review of the report, Plaintiff observed that there were several items of personal information that were inaccurate or outdated. (*Id.*) Plaintiff alleges that among the information that was incorrect was an address for Plaintiff listed as "P.O. Box 353 East Rockaway, N.Y." (*Id.*) Plaintiff claims that during this time, she was receiving mail in her name addressed to "P.O. Box 353 East Rockaway, N.Y." at her mother's post office box of "[P.O.] Box 321, East Rockaway, N.Y." (*Id.*) Apparently, Plaintiff is alleging that through an alleged misdelivery or negligent transmission of mail, the Postal Service "[a]ided and abetted [Plaintiff's alleged] [i]dentity theft," (*id.* ¶¶ 3-4), as "P.O. Box 353 is not [Plaintiff], yet, P.O. Box 353 is on [Plaintiff's] credit report." (Pl.'s Aff. in Opp'n ¶ 3.)

## DISCUSSION

### I. Applicable Law and Legal Standards

The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dep't. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). Finally, when the plaintiff proceeds pro se, as in this case, the Court is obliged to construe her pleadings liberally. *See*

*McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

## II. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim

"It is well established that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued,' and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "'[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *Sherwood*, 312 U.S. at 586). Thus, "[a]ny limitations imposed by the waiver statute, whether they be substantive, procedural, or temporal, are to be strictly applied against the claimant." *Id.* (citations omitted).

The Federal Tort Claims Act (the "FTCA") provides a limited waiver of the sovereign immunity of the United States for certain torts. *Id.* This waiver, however, does not extend to suits brought against federal agencies as that term is defined by the FTCA, including the United States Postal Service. 28 U.S.C. § 2679(a); *see also Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir. 1975). Thus, the United States Postal Service may not be sued as a defendant under the FTCA. *Id.* ("[S]uit under the Federal Tort Claims Act lies here, if at all, only against the United States. Neither the Postal Service nor the Postal Inspection Service, named as defendants, may be sued directly on claims brought under [the FTCA]."). Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's claim. *See id.*

Even if the United States was substituted as a defendant, however, Plaintiff's claims would still fail as she has failed to exhaust her administrative remedies. The FTCA

3

provides that "[a]n action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted her administrative remedies. 28 U.S.C. § 2675(a). The Act further provides that a tort claim against the United States is barred unless made in writing to the appropriate federal agency within two years after the claim accrues and an action is brought thereon within six months after the claim is denied. *Id.* § 2401(b); *see also Millares Guiraldes de Tineo*, 137 F.3d at 720. "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted). Absent such compliance, the district court lacks subject matter jurisdiction over the claim. *Id.* Here, Plaintiff's Complaint does not allege that the filing requirements were complied with. Thus, even if the United States was substituted as a defendant, upon the present Complaint, the Court would still lack subject matter jurisdiction over Plaintiff's claims. *See id.*

Moreover, the FTCA excepts a list of claims for which the United States remains immune from suit. *See* 28 U.S.C. § 2680. One exception preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* § 2680(b); *see also Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004) (noting exception). Miscarriage in the context of the mails has been defined as misdelivery. *See Birnbaum v. United States,* 588 F.2d 319, 328 (2d Cir. 1978). Here, Plaintiff's allegation that her mail was not properly delivered falls within this exception and, thus, for this independent reason, the Court lacks subject matter jurisdiction over Plaintiff's claims. *See, e.g.*, *Fridman v. Postmaster General, U.S. Postal Serv.*, No. CV-95-4049, 1996 WL 90543, at *1 (E.D.N.Y. Feb. 26, 1996) ("Section 2680(b) squarely bars plaintiff's claim that the Postal Service negligently

4

misdelivered or entirely failed to deliver his mail."); *Feiten v. United States*, No. 94-CV-4981, 1995 WL 432601, at *1 (E.D.N.Y. July 19, 1995) ("[T]he United States is expressly immune from suit for lost or undelivered mail.").

## *CONCLUSION*

For all of the above reasons, Defendant's motion is granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Complaint is dismissed in its entirety. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: November 29, 2005
Central Islip, New York          /s
                                 Denis R. Hurley,
                                 United States District Judge